ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-22-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
BOGUSLAW HAJNY, LESZEK KRAJEWSKI, and HENRYK
GOSK, on behalf of themselves and all
others similarly situated,

               Plaintiffs,

        11 Civ. 00173 (LLS)

  - against -

        **OPINION AND ORDER**

BEST ROOFING OF NEW JERSEY, INC., ARCH
CONCEPT CONSTRUCTION INC., S&M AUTO LEASE,
L.L.C., ELITE ROOFING AND MAINTENANCE CO.,
INC., STEPHANIE MCKENNA, WILLIAM SCRIVENS,
and JOHN DOE a/k/a RONNIE,

               Defendants.
- - - - - - - - - - - - - - - - - - -X

    Plaintiffs are former employees of defendants who seek to recover allegedly unpaid wages.  They bring claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., ("FLSA") and regulations, the New York Labor Law ("NYLL") and regulations, the New Jersey Wage and Hour Law ("NJWHL"), and for breach of contract and quantum meruit.

    Defendants move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), and also argue that certain of plaintiffs' claims are untimely.

                      **BACKGROUND**

    The following allegations from the amended complaint are accepted as true on this motion to dismiss.  See Rescuecom Corp.

v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009).

Defendants Best Roofing of New Jersey, Inc., Arch Concept Construction Inc., S & M Auto Lease, L.L.C., and Elite Roofing and Maintenance Co., Inc. (the "Corporate Defendants") "provide construction services within the New York, New Jersey, Pennsylvania, and Connecticut area." Am. Comp. ¶ 3. Defendants Stephanie McKenna, William Scrivens, and John Doe a/k/a Ronnie[1] "are the officers, shareholders, managers and/or majority owners of" those entities. Id. ¶ 4.

Plaintiffs performed labor for defendants: Boguslaw Hajny worked primarily as a tiler from February 21, 2005 until June 23, 2009, and "regularly earned approximately $12 per hour"; Leszek Krajewski worked primarily as a roofer from Spring 2001 until August 2007, and "regularly earned between $15.00 and $17.00 per hour"; and Henryk Gosk worked primarily as a roofer from June 1, 2003 through June 2008, and "regularly earned between $14.00 and $17.00 per hour." Id. ¶¶ 17-19.

Plaintiffs' work schedule was as follows:

> 25. Plaintiffs agreed to perform work and services as roofers for the Defendants.
>
> 26. As part of the terms of their agreement with Plaintiffs and their other employees, Defendants required them to report for work each morning at Best Roofing's company shop in Wallington, New Jersey.

---

[1] This defendant has not appeared in the action and is not a party to the motion.

27. After arriving at the company shop, Plaintiffs and Defendants' other employees received instructions from Ronnie or various foremen about that day's work, including on which project they were going to work, after which they loaded tools and materials into Best Roofing's trucks.

28. Plaintiffs and Defendants' other employees then rode in Best Roofing's trucks from the company shop to the job site, which, depending on the location, sometimes took up to three (3) hours to reach.

29. Plaintiffs and Defendants' other employees also regularly worked between eight (8) and ten (10) hours on the job site from Monday through Friday.

30. Depending on the type of project they were working on, Plaintiffs and Defendants [sic] other employees also, on occasion, worked on Saturday.

31. After Plaintiffs and Defendants' other employees finished performing work on the job site, they returned to Best Roofing's company shop, which, depending on the location of the job site, sometimes took up to three (3) hours.

32. Accordingly, Plaintiffs and Defendants' other employees would often work between forty (40) and fifty (50) hours on the job site each week and additionally between ten (10) and twenty (20) hours each week working in the Defendants' shop and traveling to the job site.

Id. ¶¶ 25-32.

Plaintiffs claim that defendants (1) did not pay them for time spent working in the company shop and traveling between the shop and the job site, id. ¶ 41, (2) knew they were required to pay plaintiffs time-and-a-half for each hour in excess of 40 worked in a week, but did not do so, id. ¶ 40, 42, 84, (3) violated the recordkeeping requirements of the FLSA, NYLL, and

NJWHL, id. ¶ 44, and (4) did not pay plaintiffs the wages provided in their employment agreements with the Corporate Defendants, id. 76.

Plaintiffs also bring claims specific to their work on publicly financed projects (or "public works projects"). The Amended Complaint identifies 15 public works projects, 14 of which are in New York or New Jersey, for which defendants were sub- or general contractors under contracts with governmental instrumentalities. Id. ¶¶ 48-49. Both the NYLL and NJWHL require that workmen on such projects receive not less than the prevailing rate of wage, including benefits, and that contracts for public work so provide. See N.Y. Lab. Law §§ 220(3), 220(5); N.J. Stat. Ann. §§ 34:11-56.27, 34:11-56.28, 34.11-56.30. Plaintiffs allege that "Defendants generally paid Plaintiffs at the proper rate for only 1 out of 3 hours worked on the job site. Defendants paid for the other hours at a much lower rate and did not pay them any supplemental benefits at all," id. ¶ 60.

## DISCUSSION

"When reviewing a motion to dismiss, a court must accept as true all of the factual allegations set out in plaintiff's complaint, draw all inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Rescuecom, 562 F.3d at 127 (internal quotation marks

omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 Sup. Ct. 1937, 1949 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 Sup. Ct. at 1949.

### 1. Travel-Time Compensation

Defendants argue that plaintiffs' travel time is non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254(a), which removes employers' obligation to compensate employees for:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
> (2) activities which are preliminary to or postliminary to said principal activity or activities,
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

Thus, an employee's "Normal travel from home to work is not worktime," 29 C.F.R. § 785.35, and not compensable, see Kavanagh v. Grand Union Co., 192 F.3d 269, 272 (2d Cir. 1999), unless the employee performs work while commuting that is "integral and indispensible" to a principal employment activity, see Singh v. City of New York, 524 F.3d 361, 367 (2d Cir. 2008).

The Portal-to-Portal Act, however, has "no effect on the computation of hours that are worked 'within' the workday." IBP, Inc. v. Alvarez, 546 U.S. 21, 28 (2005); see also 29 C.F.R. § 790.6(a) ("to the extent that activities engaged in by an employee occur after the employee commences to perform the first principal activity on a particular workday and before he ceases the performance of the last principal activity on a particular workday, the provisions of [§ 254(a)] have no application").

Thus, for plaintiffs' travel between Best Roofing's company shop and the job site to be compensable, their workday must begin and end at the shop. See Gortat v. Capala Bros., Inc., 257 F.R.D. 353, 361 (E.D.N.Y. 2009).

Plaintiffs allege that defendants required them to report for work at Best Roofing's company shop, Am. Compl. ¶ 26, where they received instructions about the day's work and "loaded tools and materials into Best Roofing's trucks," id. ¶ 27. Plaintiffs then rode in Best Roofing's trucks to the job site, id. ¶ 28, and after finishing their work at the job site, returned to the shop, id. ¶ 31. A Department of Labor regulation explains:

> Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. If an employee normally finishes his work on the premises at

- 6 -

> 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time. However, if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is home-to-work travel and is not hours worked.

29 C.F.R. § 785.38.

Plaintiffs' allegations regarding their travel from the shop to the job site fit squarely within that regulation. Though plaintiffs do not state that they were required to return to the shop at the end of the day — only that they did so — their allegations concerning their daily work and travel schedule considered together, construed liberally and with all inferences drawn in their favor, plausibly state that their workday continued until they returned to the company shop.

Therefore, plaintiffs state a claim that their travel time between the company shop and the job site is compensable.

### 2. Overtime Compensation

Defendants argue that the amended complaint does not state an FLSA overtime claim because it does not give examples of particular weeks in which plaintiffs worked over 40 hours but did not receive proper overtime wages. That level of detail is not required.

"[W]here the plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least approximately, allege the hours worked for which these

wages were not received." Zhong v. August August Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). "[T]he burden placed on plaintiffs here is not an onerous one. They are not required to state every single instance of overtime work or to state the exact amount of pay which they are owed; instead, they are only required to provide some approximation of the overtime hours that they worked." DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc., No. 10-CV-1341 (JFB), 2011 U.S. Dist. LEXIS 27138, at *23 (E.D.N.Y. Mar. 16, 2011).

That is what plaintiffs have done: they allege that they "would often work between forty (40) and fifty (50) hours on the job site each week and additionally between ten (10) and twenty (20) hours each week working in the Defendants' shop and traveling to the job site," Am. Compl. ¶ 32, and that defendants did not make the overtime payments to which plaintiffs were entitled, id. at ¶¶ 83-84. While a plaintiff who merely alleges that he worked more than 40 hours per week does not state an FLSA overtime claim, see DeSilva, 2011 U.S. Dist. LEXIS at *21, plaintiffs here have provided a sufficient approximation of their overtime hours worked, see Nichols v. Mahoney, 608 F. Supp. 2d 526, 546-47 (S.D.N.Y. 2009) (allegations that "plaintiffs Moraes and Nichols worked an average of fifty and sixty-five hours per week, respectively, yet were never paid overtime for the extra hours that they worked" stated FLSA

- 8 -

overtime claim); see also Connelly v. Smugglers' Notch Mgmt. Co., No. 2:09-CV-131, 2009 U.S. Dist. LEXIS 104991, at *7 (D. Vt. Nov. 5, 2009) ("Few employees could possibly remember the exact overtime hours they worked over a period of years without being able to engage in discovery."). Plaintiffs have stated a valid FLSA overtime claim.[2]

Plaintiffs assert that defendants' alleged FLSA violations also constitute NJWHL and NYLL violations. Those laws do not diverge from the FLSA in any way relevant to plaintiffs' claims, see Crisostomo v. Exclusive Detailing, Inc., No. 08-1771 (MAS), 2010 WL 2640183, at *5 (D.N.J. 2010); Nichols, 608 F. Supp. 2d at 548, and no separate analysis is necessary.

### 3. Willfulness

A willful violation extends the FLSA's statute of limitations from two years to three. See 29 U.S.C. § 255(a). Henryk Gosk, who stopped working for defendants in June 2008, has an FLSA claim only if defendants willfully violated the

---

[2] Although the amended complaint (¶ 84) states in passing that defendants failed to make "minimum wage and/or overtime payments", defendants also argue that plaintiffs have not stated a valid FLSA minimum wage claim. They point out that the FLSA's minimum wage during the relevant time period was either $5.85 or $6.55 per hour, which is far less than plaintiffs' alleged regular wages of $12 to $17 per hour. The amended complaint contains no factual allegations concerning minimum wage violations, and plaintiffs make no response to defendants' argument. It thus appears that plaintiffs state only travel-time and overtime compensation violations in their FLSA claim.

FLSA.[3] An FLSA violation is willful where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

In addition to stating that defendants' FLSA violations were willful, Am. Compl. ¶¶ 43, 84, plaintiffs allege that defendants (1) "were aware of their requirement to pay Plaintiffs and others similarly situated for each hour worked and at a higher overtime premium of 150% of their regular rate for each hour worked in excess of 40," id. ¶ 40, (2) "never paid Plaintiffs and their other employees for the overtime hours they worked on the job site at the proper overtime rate," id. ¶ 42, and (3) "willfully disregarded and purposefully evaded recordkeeping requirements of the New York Labor Law, the N.J. Labor Law, and the FLSA by failing to maintain proper and complete timesheets or payroll records," id. ¶ 44. Those allegations are sufficient to plead a willful FLSA violation. See Nichols, 608 F. Supp. 2d at 548 ("three-year statute of limitations presumptively applies" where "Plaintiffs allege that defendants' violations of the FLSA were 'willful and intentional,' because the defendants consistently failed to pay any overtime wages and gave their employees bad checks");

---

[3] Plaintiffs concede that Leszek Krajewski's FLSA and NJWHL claims, and Gosk's NJWHL claim, are untimely. Pls.' Mem. 19.

DeKeyser v. Thyssenkrupp Waupaca, Inc., 589 F. Supp. 2d 1026, 1036 (E.D. Wisc. 2008) (denying motion to dismiss willfulness claim where plaintiffs alleged defendant "had no reason to believe that its failure to [pay proper overtime wages] was not a violation of the FLSA," and "failed to maintain proper records of the hours its employees worked and failed to pay them for overtime")(internal quotation marks omitted); Ruggles v. Wellpoint, Inc., 253 F.R.D. 61, 68 (N.D.N.Y. 2008) (same where plaintiffs alleged "that Defendant repeatedly failed to pay overtime wages, misclassified Plaintiffs under the FLSA, and engaged in record keeping violations").

### 4. Breach of Contract

The Amended Complaint alleges that the Corporate Defendants breached their employment agreements with plaintiffs by failing to pay plaintiffs the wages provided for in the agreements. Defendants argue that plaintiffs have not made sufficient factual allegations to state a breach of contract claim.

Under New York law, the elements of breach of contract are the existence of an agreement, performance by the plaintiff, a breach by the defendant, and damages. See Palmetto Partners, L.P. v. AJW Qualified Partners, LLC, 921 N.Y.S.2d 260, 264, 83

A.D.3d 804 (App. Div. 2011).[4] "[T]he complaint must plead the terms of the agreement upon which defendant's liability rests." Kaplan v. Aspen Knolls Corp., 290 F. Supp. 2d 335, 337 (E.D.N.Y. 2003) (internal quotation marks omitted).

Plaintiffs allege that (1) they "agreed to perform work and services for Defendants as roofers," Am. Comp. ¶ 74, (2) the agreements "called for Plaintiffs to receive a specific hourly wage rate for each hour worked in exchange for performing work and services for Defendants," id. ¶ 33, (3) plaintiffs "satisfactorily supplied" the labor required under the agreements, id. ¶ 75, and (4) "The Defendants failed or refused to pay the wages to which they were entitled under their employment agreement with the Corporate Defendants," id. ¶ 76.

Those allegations are insufficient: they recite the elements of a contract claim, but provide no facts concerning the alleged agreements or defendants' breaches of them. Plaintiffs do not allege when the agreements were entered into or became effective, when they expired, or specify whether they were oral or in writing. Nor do they state the "specific hourly wage rate" provided for in the agreements — the term of the agreements upon which plaintiffs' claim is based. Plaintiffs'

---

[4] Were New Jersey law to apply to the employment agreements, the elements are the same. See Nat'l Reprographics, Inc. v. Strom, 621 F. Supp. 2d 204, 222 (D.N.J. 2009).

breach of contract claim therefore must be dismissed. See Rochester-Genesee Reg'l Transp. Auth. v. Cummins Inc., No. 09-CV-6370-MAT, 2010 WL 2998768, at *4 (W.D.N.Y. July 28, 2010) (dismissing contract claim where plaintiff "offered only the conclusory statements" that defendants breached by delivering products not manufactured in accordance with the contracts' specifications, and "has not identified the terms of the respective contracts upon which this liability is predicated"); Berman v. Sugo LLC, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) ("Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract.").

### 5. Prevailing Wages

Plaintiffs seek to recover unpaid prevailing wages and benefits for their work on public works projects.

Both the NYLL and NJWHL require that workers on such projects receive the prevailing rate of wage for their trade in the locality where the work is performed, including benefits. See N.Y. Lab. Law §§ 220(3), 220(5); N.J. Stat. Ann. §§ 34:11-56.27, 34:11-56.28, 34.11-56.30. The prevailing rate is determined by the commissioner of labor or city comptroller. See N.Y. Lab. Law § 220(5); N.J. Stat. Ann. § 34:11-56.30. The laws also require that contracts between a contractor and a public entity for public work provide that the contractor's workers will receive not less than the prevailing wage. See N.Y. Lab.

Law § 220(3)(a); N.J. Stat. Ann. § 34:11-56.27.

Plaintiffs bring claims as third-party beneficiaries of defendants' government contracts for the public projects on which plaintiffs worked, as permitted under New York law, see Maldonado v. Olympia Mech. Piping & Heating Corp., 8 A.D.3d 348, 350 (N.Y. App. Div. 2004), and under NJWHL § 34:11-56.40, which allows workmen to recover unpaid prevailing wages in a civil action.

The amended complaint states — not specific to public works projects — the wages "regularly earned" by each plaintiff, which range from $12 to $17 per hour. ¶¶ 17-19. Regarding prevailing wage payments, it states, "Defendants generally paid Plaintiffs at the proper rate for only 1 out of every 3 hours worked on the job site. Defendants paid for the other hours at a much lower rate and did not pay them any supplemental benefits at all." Id. ¶ 60.

Plaintiffs, however, plead neither what rate they received nor what prevailing wages and benefits were required by statute.

Defendants' motion to dismiss plaintiffs' prevailing wage claims is granted.

### 6. Quantum Meruit

Plaintiffs' last claim is for quantum meruit. To recover in quantum meruit, plaintiffs "must establish (1) the performance of services in good faith, (2) the acceptance of the

services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 (2d Cir. 2005) (applying New York law) (internal quotation marks omitted).

Plaintiffs do not allege the reasonable value of the services they rendered to defendants. Their claim is based upon defendants' alleged failure to pay the overtime and prevailing wages required by the FLSA and state statutes. Am. Comp. ¶ 90. But plaintiffs do not claim that they are entitled to recover the statutory wages in quantum meruit. Instead, they only assert that they "were entitled to payment for the unpaid hours they worked for Defendants at a rate which constituted the reasonable value of their services, less amounts actually paid to Plaintiffs." Id. ¶ 91. That is insufficient to state a quantum meruit claim. See DeSilva, 2011 U.S. Dist. LEXIS 27138, at *99 ("vague and conclusory allegations" regarding services provided and the reasonable value for them failed to state quantum meruit claim), citing Singerman v. Reyes, 240 A.D.2d 335 (N.Y. App. Div. 1997).

Plaintiffs argue that they are not required to plead the reasonable value of their services "with precision", Pls.' Mem. 15, and cite Intellectual Capital Partner v. Institutional

- 15 -

Credit Partners LLC, No. 08 Civ. 10580 (DC), 2009 WL 1974392 (S.D.N.Y. July 8, 2009). But in that case the plaintiff did allege the reasonable value of its services: the plaintiff claimed it was entitled to a share of the fees the defendant received from a transaction, id. at *3, and that those fees represented the reasonable value of its services, id. at *8.

Defendants' motion to dismiss plaintiffs' quantum meruit claim is granted.

### 7. Supplemental Jurisdiction

Defendants argue that upon dismissal of plaintiffs' FLSA claims, I should decline to exercise supplemental jurisdiction over their state law claims. Plaintiff Krajewski's FLSA claim is untimely; he has only NYLL claims over which I would not exercise supplemental jurisdiction if he were the only plaintiff in this case. However, the other plaintiffs, whose FLSA claims are timely, also have (mirror-image) NYLL claims based upon the same alleged wage violations, and adjudicating Krajewski's NYLL claims will involve the same factual issues as the other plaintiffs'. No judicial economy would be gained by severing his claims, and retaining jurisdiction over them is appropriate. See Ouedraogo v. Durso Assocs., Inc., No. 03 CV 1851 (RLC), 2005 WL 1423308, at *1-*2 (S.D.N.Y. June 16, 2005).

### 8. Leave to Replead

Plaintiffs request that they be granted leave to replead

the dismissed claims. Defendants argue that plaintiffs, who filed the amended complaint in response to defendants' motion to dismiss the original complaint, should not be given a second chance to amend. Defendants, however, did not move to dismiss plaintiffs' breach of contract claim in their prior motion, and plaintiffs are granted leave to replead that claim.

Plaintiffs are likewise granted leave to replead their quantum meruit claim, which was dismissed for failure to plead the reasonable value of the services rendered, and claims for prevailing wages, which were dismissed for failure to plead sufficient facts regarding those wages. Those types of defects can be cured by better pleading, and it is not apparent that repleading would be futile.

## CONCLUSION

Defendants' motion (Dkt. No. 13) to dismiss the amended complaint is granted for vagueness with respect to all plaintiffs' claims for breach of contract (plaintiffs' First Claim for Relief), quantum meruit (Fourth Claim for Relief) and prevailing wage violations (Sixth and Seventh Claims for Relief), and for untimeliness with respect to Leszek Krajewski's FLSA and NJWHL claims (Third and Fifth Claims for Relief), and Henryk Gosk's NJWHL claim (Fifth Claim for Relief). Dismissal is denied with respect to all plaintiffs' NYLL claims (Second Claim for Relief), Boguslaw Hajny's and Gosk's travel-time and

overtime FLSA claims (Third Claim for Relief), and Hajny's NJWHL claim (Fifth Claim for Relief).

Plaintiffs are granted leave to file and serve a second amended complaint within 30 days from the date of this Opinion and Order.

Defendants' motion (Dkt. No. 6) to dismiss the original complaint is granted, since that complaint is moot.

A conference in accordance with Fed. R. Civ. P. 16(b) will be scheduled by separate order.

So ordered.

Dated:   New York, New York
         June 21, 2011

                                        _____
                                        LOUIS L. STANTON
                                             U. S. D. J.